IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-cr-05038-GAF |
| | ) | |
| TIMOTHY C. STRINGER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTIONS IN LIMINE

Pending before the Court are Defendant's Response to Government's Notice of Defendant's Prior Criminal Convictions (doc. 74), Defendant's Motion In Limine Regarding Evidence of Counterfeit (doc. 75), and Defendant's Motion In Limine/Response Regarding Evidence Contemplated by the Government's Notice of Intention to Rely on Other Acts of a Similar Nature (doc. 77), that is, 404(b) evidence. The Court rules as follows.

**1.  Defendant's motion to preclude certain prior criminal convictions is denied in part.**

Defendant argues in his Response to Government's Notice of Defendant's Prior Criminal Convictions (doc. 74) that the Government should be precluded from any direct, indirect, or implied reference of his prior convictions for (1) his 1994 conviction for criminal damage to property and burglary, (2) his 1997 conviction for incitement to riot, and (3) his 2011 conviction for escape from confinement. The Government responds in its trial brief that it has no intention of introducing the first two convictions unless the Defendant chooses to testify at trial, in which case it would refer to these convictions during its cross-examination of him under Rule 609. Given that there is no controversy with respect to these convictions, the Court declines to rule on this portion of the motion at this time.

There is a dispute, however, with respect to the admissibility of Defendant's 2011 conviction for escape from confinement. This portion of the motion is denied for the reasons set forth in 3(c) below.

**2.     Defendant's motion regarding evidence of counterfeit currency is denied.**

Defendant moves to preclude the Government from "any direct, indirect, or implied reference to the evidence relating to Count Five of the Indictment in this case pertaining to possession of counterfeit currency during the Government's case-in-chief during the trial of this matter." Defendant previously plead guilty to Count Five and argues that the remaining charges, alleging production of child pornography, possession of child pornography, and transferring obscene material to a minor, are unrelated to the counterfeiting charge. Defendant contends presentation of evidence relating to counterfeiting is immaterial to the remaining issues and would cause unnecessary delay and be unfairly prejudicial to him.

The Government asserts that during Defendant's guilty plea to the counterfeiting charge, he admitted to making the counterfeit currency and false identification cards on the same computer where the child pornography was found. Thus, Defendant's possession of the counterfeit currency is direct evidence of Defendant's possession and control of the child pornography, and is admissible. *See United States v. Koch*, 625 F.3d 470, 478 (8th Cir. 2010) (holding evidence sufficient to support conviction where: (1) the computer and flash drive were seized from a bedroom in a home the defendant owned and occupied alone; (2) the user names on both the computer and flash drive that were variations on the defendant's first name; (3) the child pornography images were located in folders which had to be manually created by a user of the flash drive and computer; and (4) the computer and flash drive contained documents authored

by defendant and created within days of when numerous child pornographic images were saved, moved, or deleted on both devices).

The Court holds the counterfeit currency is relevant, admissible, and not unfairly prejudicial to the Defendant if offered to prove Defendant's possession and control of the computer containing the child pornography. The motion is DENIED.

**3.     Defendant's motion regarding 404(b) evidence is denied.**

(a)     For the reasons discussed above, evidence relating to Defendant's conviction for possession of counterfeit currency is admissible to prove Defendant's possession and control of the computer containing the child pornographic images. This portion of the motion is denied.

(b)     Defendant also objects to potential 404(b) evidence that Defendant provided G.R. and A.K. with methamphetamine to make them willing to pose for pornographic pictures. Defendant argues this evidence is not admissible under Rule 404(b) because it is not relevant to any material issue in that the Government has failed to give notice of any expert witness who could testify that methamphetamine causes the user to somehow lose inhibition. Defendant also maintains the potential prejudice of this evidence substantially outweighs its probative value.

As a threshold matter, the Court notes that in a factually analogous case, the Sixth Circuit held that evidence that a defendant provided drugs "to minors to induce them into engaging in sexually explicit conduct" is admissible under Rule 404(b) "to show the means by which [the defendant] induced the minors . . . to engage in sexually explicit conduct." *United States v. Ray*, 189 Fed. Appx. 436, 444 (6th Cir. 2006). Accordingly, the evidence is admissible.

The Court also holds that expert testimony is not needed on this point. Whether methamphetamine actually lowers inhibitions or not is not the question here; the question is whether the Government may introduce evidence that the Defendant supplied G.R. and A.K.

3

with methamphetamine in the *hope* that it would lower their inhibitions and make them more amenable to taking explicit pictures. The Court holds it may. It is well-established, and no expert testimony is needed, to prove that individuals frequently give drugs, such as alcohol or methamphetamine, to others in the hope that it will lower their inhibitions. Accordingly, this portion of Defendant's motion is denied.

(c) Finally, Defendant seeks to preclude the Government from introducing evidence of his attempted escape from custody on June 25, 2010, to show evidence of consciousness of guilt. Defendant contends this evidence is irrelevant and its probative value is outweighed by the danger of unfair prejudice. There is no merit to this argument. It is well-established that "[e]vidence of flight or escape is admissible and has probative value as evidence of consciousness of guilt." *United States v. Barnes*, 140 F.3d 737, 738 (8th Cir. 1998). This portion of the motion is denied.

**IT IS SO ORDERED.**

Dated: April 23, 2012       /s/ Greg Kays
                            GREG KAYS,
                            UNITED STATES DISTRICT JUDGE